# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Zalton E. Brooks, | Case No. 2:23-cv-02060-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Topaz Super Carwash; and Bruno Bernada, | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 4). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

**I.     *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 4). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. Plaintiff's allegations.

Plaintiff, an inmate in the custody of the Nevada Southern Detention Center, sues his former employer, Topaz Super Carwash and its owner, Bruno Bernada.[1] (ECF No. 1-1 at 1-3). Plaintiff brings three counts: (1) "They have violated the base hourly, wages, and labor laws by the Federal government, unprofessional treatment of an employee! Threats to life and safety!"; (2) "Our rights to be paid for services rendered on a daily wage so we could live"; and (3) "Mr. Bruno has openly tried to get me to commit perjury on his behalf!"

Plaintiff does not identify the civil rights he believes have been violated in those counts. However, liberally construing Plaintiff's complaint, it appears that he is bringing claims for violations of the Fair Labor Standards Act, violations of Nevada's minimum wage requirements, race discrimination in violation of Title VII, and breach of contract.[2]

Plaintiff alleges that he and his wife[3] began working for Topaz in 2019, fulfilling the positions of attendants, managers, security officers, customer service representatives, and grounds keepers. (*Id.* at 3). Plaintiff asserts that they worked eighteen to nineteen hour days, seven days a week, but were not paid minimum wage under federal or state standards. (*id.*). Plaintiff asserts

---

[1] Plaintiff also lists "(David) Boyfriend" as a defendant, but does not otherwise reference this person in the complaint.

[2] The Court does not find Plaintiff's third count to establish a cognizable cause of action. (ECF No. 1-1 at 6). Plaintiff asserts that, while he was incarcerated, he received a letter from a law firm representing Mr. Bernada asking Plaintiff to testify regarding a case involving an alleged assault on Mr. Bernada. (*Id.*). Plaintiff asserts that he told the attorney that he was not a witness to the assault and that he did not believe Mr. Bernada was injured. (*Id.*). However, Plaintiff has not provided any authority, and the Court is not aware of any, that would make simply asking a person to testify actionable. This is especially true because Plaintiff informed the attorney that he did not actually witness the assault. Without more, the Court does not find these allegations to constitute a claim upon which relief can be granted.

[3] Plaintiff's complaint references both him and his wife. However, he is the only party bringing this action.

that he was paid $9.75 per hour. (*Id.* at 4). Plaintiff alleges that he and his wife worked without shelter, power, or running water. (*Id.* at 4). Because the property lacked power, Plaintiff and his wife's personal property was stolen but not caught on tape. (*Id.*). Plaintiff asserts that they were subject to these conditions as a result of Mr. Bernada's "racial behavior." (*Id.*).

Plaintiff also alleges that he performed remodeling work on Bernada's condo, but Bernada did not pay him for the work. (*Id.*). Additionally, Bernada allegedly told Plaintiff and his wife that Bernada would allow them to open a restaurant, apparently on the carwash property, but later came up with reasons to renege on that agreement. (*Id.* at 5). Plaintiff asserts that Bernada discriminated against him on the basis of race by bringing in a new worker who was white, giving the new worker better housing than Plaintiff, and by "run[ning] us away from our homes without pay, destroying all personal belonging[s] without allowing us to reenter property!" (*Id.*).

1. <u>FLSA.</u>

The FLSA mandates that employers with employees "engaged in commerce or in the production of goods for commerce" or with employees who work for an "enterprise engaged in commerce or in the production of goods for commerce" pay their employees federal minimum wages. 29 U.S.C. § 206(a).[4] The federal minimum wage is $7.25 per hour. 29 U.S.C. § 206(a)(1). Employers also cannot require their employees to work more than forty hours a week unless the employee receives compensation at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1). An employer who violates Section 206 or 207 is liable to the employee for "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

---

[4] 29 U.S.C. § 203(s)(1), in relevant part, defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)…"

As a preliminary matter, Plaintiff has not alleged whether he was "engaged in commerce or in the production of goods for commerce" or if he was "employed in an enterprise engaged in commerce or in the production of goods for commerce" for the purposes of the FLSA. Plaintiff alleges that his wages were $9.75 per hour, which exceeds the federal minimum wage. And although Plaintiff asserts that he worked overtime, he does not allege that he was not paid overtime wages. Plaintiff has thus not alleged a colorable claim for violation of the FLSA and the Court dismisses this claim without prejudice and with leave to amend.

    2.  <u>Nevada's minimum wage statute.</u>

In 2006, Nevada voters amended the state constitution by enacting the Minimum Wage Act. Nev. Const. art. 15, § 16. That act requires, in part, that employers pay employees the minimum wage set forth therein, as adjusted yearly. *Id.* at § 16(A). The minimum wage set by that act is $5.15 if the employer does not offer health benefits and $6.15 if the employer does. *Id.* Nevada Revised Statute 608.016 provides that an employer shall pay an employee for each hour the employee works. Nevada Revised Statute 608.018(1) provides that an employer shall pay one and a half times an employee's regular rate whenever an employee works more than forty hours in any scheduled week of work or more than eight hours in a workday. Nevada Revised Statute 608.135(1) provides that, if an employer fails to pay wages in accordance with the requirements set forth in NRS 608.020 to 608.050, the employee may, at any time within two years after the employer's failure, bring a civil action against the employer.

To the extent Plaintiff is alleging that Topaz and Bernada violated Nevada's minimum wage laws, he has not asserted sufficient facts to make this claim. Again, Plaintiff alleges that his wages were $9.75 per hour, which exceeds Nevada's minimum wage. And although Plaintiff asserts that he worked overtime, he does not allege that he was not paid overtime wages. Additionally, Plaintiff does not provide the dates he worked for Topaz other than stating he started in 2019. But 2019 is more than two years before he filed this civil action. The Court thus denies Plaintiff's claim under this statute without prejudice and with leave to amend.

### 3. Discrimination.

To establish a prima facie case of racial discrimination under Title VII, plaintiff must allege that he: (1) belongs to a class of persons protected by Title VII; (2) performed his job satisfactorily; (3) suffered an adverse employment action; and (4) was treated differently than a similarly situated employee who does not belong to the same protected class as plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). Plaintiff satisfies the first and third elements of this claim, but not the second and fourth. Regarding the first and third elements, Plaintiff alleges that Bernada discriminated against him based on race, a protected class under Title VII. Plaintiff also alleges that he suffered adverse employment actions by being subjected to unsafe working conditions. However, regarding the second and third elements, Plaintiff does not allege that he performed his job satisfactorily. And while Plaintiff alleges that Bernada treated a white employee more favorably,[5] Plaintiff does not allege that this employee was similarly situated. To the contrary, while Plaintiff asserts that he worked the positions of attendant, manager, security, customer service, and grounds keeper, Plaintiff does not allege what positions the white employee was hired to fulfill. The Court thus dismisses Plaintiff's Title VII discrimination claim without prejudice and with leave to amend.

### 4. Breach of contract.

To establish breach of contract, a plaintiff must prove (1) existence of the contract, (2) defendant's breach, and (3) the damages that resulted. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) (citation omitted). Plaintiff appears to allege breach of contract for work he completed in remodeling Bernada's home and for Bernada's promises that Plaintiff could open a restaurant on the carwash premises. However, Plaintiff does not allege whether the remodeling work or the promises Bernada made were based in any contract. Nor does Plaintiff

---

[5] While the Court can liberally construe that the white employee did not belong to the same protected class as Plaintiff from Plaintiff's allegations, Plaintiff should specifically allege this element in any amended complaint by specifying the protected class to which he belongs. *See Candaza v. Sutherland Global Services*, No. 2:19-cv-02152-JAD-NJK, 2020 WL 1514739, at *2 (D. Nev. Mar. 27, 2020) (finding a plaintiff's allegation that she is Asian and from the Philippines sufficient to identify that the plaintiff belonged to a protected class).

specify what damages occurred from the breach of those contracts. The Court thus dismisses this claim without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Southern Detention Center will forward payments from the account of **Zalton E. Brooks, Inmate No. 72549510**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Director of Inmate Accounting c/o Warden's Office** at 2190 East Mesquite Ave., Pahrump, NV 89060.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **April 15, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference

to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in the recommended dismissal of this case.**

DATED: March 14, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE