UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Zalton E. Brooks,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Topaz Super Carwash; and Bruno Bernada,<br><br>　　　　　Defendants. | Case No. 2:23-cv-02060-APG-DJA<br><br>**Order** |

Before the Court is Plaintiff Zalton E. Brooks' motion to amend his complaint. (ECF No. 7). Plaintiff's motion to amend does not attach his proposed amended complaint as required by Local Rule 15-1(a). Nonetheless, even if the Court liberally construes his motion as his amended complaint and screens it as such, that amended complaint does not state a claim upon which relief can be granted. The Court thus denies Plaintiff's motion to amend without prejudice.

**I.     Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Discussion.**

Plaintiff's proposed amendments do not fully correct the deficiencies that the Court identified in its prior screening order. (ECF No. 5). While Plaintiff has added some additional and helpful facts, like the fact that he was not paid overtime from between April 24, 2019 and July 11, 2023, it is difficult to parse the claims that Plaintiff is making in his amendment because it is written in a narrative format. Additionally, Plaintiff does not provide dates regarding when the facts underlying his discrimination and breach of contract claims occurred. The Court will thus deny Plaintiff's motion to amend without prejudice and give him leave to file a second amended complaint. In any amended complaint, Plaintiff list each claim he is bringing under a separate heading. Under each heading, Plaintiff must list the facts—including dates and specific details about what happened, who did what, and how those facts fulfill the elements of each claim—that support that claim. The Court will send Plaintiff a copy of its prior screening order that he may reference for the elements of each claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend his complaint (ECF No. 7) is **denied without prejudice.** Plaintiff will have until **June 10, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff **does not** need to file a motion to amend his complaint. He may simply file his amended complaint on the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and a copy of the Court's prior screening order filed at ECF No. 5.

DATED: May 10, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE