1

2

3

4        **UNITED STATES DISTRICT COURT**

5        **DISTRICT OF NEVADA**

         * * *

6    Zalton E. Brooks,                          Case No. 2:23-cv-02060-APG-DJA

7                    Plaintiff,
                                                 **Order**
8           v.

9    Topaz Super Carwash; and Bruno Bernada,

10                   Defendants.

11          Before the Court is Plaintiff Zalton E. Brooks' second amended complaint.  (ECF No. 11).

12   Because the Court finds that Plaintiff has alleged colorable claims under the Fair Labor Standards

13   Act ('FLSA') and under Nevada law, it allows those claims to proceed.  Because Plaintiff's

14   remaining claims do not state a claim upon which relief can be granted, the Court dismisses them

15   without prejudice and with leave to amend.

16   **I.      Legal standard.**

17          Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

18   complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is

19   legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

20   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

21   When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

22   the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

23   complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

24   F.3d 1103, 1106 (9th Cir. 1995).

25          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

26   complaint for failure to state a claim upon which relief can be granted.  Review under Rule

27   12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

28   719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.    Discussion.**

Plaintiff alleges that he[1] began working at Topaz Super Carwash on April 12, 2019 as a full time attendant.  (ECF No. 11 at 1-2).  He claims that Defendants Bruno Bernada and the Topaz Super Carwash owner failed to pay him minimum wage and overtime under the FLSA and under Nevada law from between April 12, 2019 and July 11, 2023.  (*Id.*).  Plaintiff claims that he was paid $50.00 bi-weekly despite working eighteen to nineteen hours per day, totaling more than forty hours per week.  (*Id.* at 2-3).

Plaintiff also alleges that, at some point he entered into a contract with Bernada for Plaintiff to repair the carwash and to refurbish Bernada's condominium and that Bernada somehow breached the contract.  (*Id.* at 4).  However, other than stating that he worked on the condo for three years, Plaintiff does not explain when he entered into this contract with Bernada or even how Bernada breached it other than alleging that Bernada did not allow Plaintiff to open a soul food diner.  (*Id.*).  This is despite the Court's prior admonition that Plaintiff needed to provide dates and facts regarding the breach of contract action.  (ECF No. 8).

Plaintiff also alleges that Bernada discriminated against him on the basis of race by stealing Plaintiff's customers and hiring a younger, white employee who Bernada treated better than Plaintiff.  (ECF No. 11 at 5).  Plaintiff explains that Bernada gave the white employee tools and supplies, despite requiring Plaintiff to use his own; paid the white employee a higher wage; ang provided the white employee with living quarters.  (*Id.*).  However, again, despite the Court's prior admonition, Plaintiff provides no dates about the discriminatory behavior he experienced or allegations about how that behavior fits the elements of discrimination.  (ECF No. 8).

*A.    FLSA.*

The FLSA mandates that employers with employees "engaged in commerce or in the production of goods for commerce" or with employees who work for an "enterprise engaged in commerce or in the production of goods for commerce" pay their employees federal minimum

---

[1] Plaintiff also alleges that Defendants failed to pay his wife overtime.  But Plaintiff's wife, Darby Dodge, is not listed as a plaintiff.  So, the Court only construes this complaint as being brought on Plaintiff Zalton Brooks' behalf.

wages.  29 U.S.C. § 206(a).[2]  The federal minimum wage is $7.25 per hour.  29 U.S.C.

§ 206(a)(1).  Employers also cannot require their employees to work more than forty hours a

week unless the employee receives compensation at a rate not less than one and one-half times

the regular rate at which he is employed.  29 U.S.C. § 207(a)(1).  An employer who violates

Section 206 or 207 is liable to the employee for "the amount of their unpaid minimum wages, or

their unpaid overtime compensation, as the case may be, and in an additional equal amount as

liquidated damages."  29 U.S.C. § 216(b).

Plaintiff has alleged a colorable claim that Bernada and Topaz Super Carwash violated the

FLSA.  For the purposes of screening, the Court will take as true that Topaz Super Carwash is

subject to the FLSA.  Topaz Super Carwash is, of course, free to argue otherwise in an

appropriate motion.  Plaintiff also alleges that he was paid well under the minimum wage and was

not paid for his overtime work.  So, the Court finds that Plaintiff has alleged a colorable claim for

violation of the FLSA.

### B.    Nevada minimum wage.

In 2006, Nevada voters amended the state constitution by enacting the Minimum Wage

Act. Nev. Const. art. 15, § 16.  That act requires, in part, that employers pay employees the

minimum wage set forth therein, as adjusted yearly.  *Id.* at § 16(A).  The minimum wage set by

that act is $5.15 if the employer does not offer health benefits and $6.15 if the employer does.  *Id.*

Nevada Revised Statute 608.016 provides that an employer shall pay an employee for each hour

the employee works.  Nevada Revised Statute 608.018(1) provides that an employer shall pay one

and a half times an employee's regular rate whenever an employee works more than forty hours

in any scheduled week of work or more than eight hours in a workday.  The Nevada Supreme

---

[2] 29 U.S.C. § 203(s)(1), in relevant part, defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)…"

1    Court has explicitly recognized a private cause of action for unpaid wages under NRS Chapter

2    608.  *Neville v. Eighth Judicial Dist. Court*, 406 P.3d 499, 500-501 (Nev. 2017).

3        Plaintiff has also alleged a colorable claim for unpaid wages and overtime wages.

4    Plaintiff alleges that he was paid well under Nevada's set minimum wage and that he was never

5    paid overtime.  So, Plaintiff's state-law minimum wage claim will pass screening.

6        **C.      Breach of contract.**

7        To establish breach of contract, a plaintiff must prove (1) existence of the contract,

8    (2) defendant's breach, and (3) the damages that resulted.  *Saini v. Int'l Game Tech.*, 434 F. Supp.

9    2d 913, 919-20 (D. Nev. 2006) (citation omitted).  Plaintiff alleges breach of contract for work he

10   completed in remodeling Bernada's condo and for repairing the carwash and for Bernada's

11   promises that Plaintiff could open a restaurant.  However, Plaintiff does not allege whether the

12   remodeling work or the promises Bernada made were based in any contract.  Nor does Plaintiff

13   specify what damages occurred from the breach of those contracts.  Plaintiff also still fails to

14   allege any dates related to the purported contract.  The Court thus dismisses this claim without

15   prejudice and with leave to amend.

16       **D.      Discrimination.**

17       To establish a prima facie case of racial discrimination under Title VII, plaintiff must

18   allege that he: (1) belongs to a class of persons protected by Title VII; (2) performed his job

19   satisfactorily; (3) suffered an adverse employment action; and (4) was treated differently than a

20   similarly situated employee who does not belong to the same protected class as plaintiff."

21   *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).  Here, Plaintiff has

22   not alleged any of the elements of discrimination other than the fourth one.  The Court thus

23   dismisses Plaintiff's Title VII discrimination claim without prejudice and with leave to amend.

24

25

26   ///

27   ///

28   ///

**IT IS THEREFORE ORDERED** that the following claims shall proceed:

- Plaintiff's Fair Labor Standards Act minimum wage and overtime claims against Topaz Super Carwash and Bruno Bernada.
- Plaintiff's Nevada minimum wage and overtime claims against Topaz Super Carwash and Bruno Bernada.

**IT IS FURTHER ORDERED** that the following claims are dismissed without prejudice and with leave to amend:

- Plaintiff's breach of contract claim against Bruno Bernada.
- Plaintiff's Title VII discrimination claim against Bruno Bernada.

**IT IS FURTHER ORDERED** that Plaintiff's second amended complaint (ECF No. 11) shall be the operative complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summonses for: (1) Bruno Bernada; and (2) Topaz Super Carwash.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the United States Marshals Service ("USMS")[3] for service:

- Two copies of Plaintiff's second amended complaint filed at ECF No. 11.
- The summonses for Bruno Bernada and Topaz Super Carwash.
- A copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to Plaintiff:

- A copy of this order.
- Two copies of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff must complete one Form USM-285 for each Defendant. Plaintiff shall have until **October 21, 2024,** to send the USMS the completed Forms USM-285.

---

[3] Under Federal Rule of Civil Procedure 4(c)(3), because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, he is entitled to rely on the USMS for service.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the Forms USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **December 20, 2024** to complete service on Defendants.  *See* Fed. R. Civ. P. 4(m).

DATED: September 19, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE